IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 3 1 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MARCIA A. DIAZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 03-CV-185 |
| | § | |
| CIRCUIT CITY, INC., | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT CIRCUIT CITY STORES, INC.'S MOTION
## TO COMPEL ARBITRATION AND FOR DISMISSAL AND BRIEF

### I.

### INTRODUCTION

Defendant Circuit City Stores, Inc.[1] ("Circuit City") moves this court for an order compelling a contractually required arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* ("FAA"), and the Uniform Arbitration Act of Virginia, Va. Code Ann. § 8.01-581.01, *et seq.* ("VAA"). Arbitration is required because Plaintiff Marcia A. Diaz ("Diaz") is a party to a binding contractual commitment with Circuit City by which the parties have agreed to arbitrate this dispute. Circuit City also moves this Court for an order dismissing Plaintiff's Original Petition pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

---

[1] Plaintiff has incorrectly named her former employer as Circuit City, Inc. in her Original Petition. The proper name of the correct Defendant is Circuit City Stores, Inc.

II.

## BACKGROUND

A.    Factual Background

1.    Circuit City is a retailer of brand-name consumer electronics, personal computers,

software, movies, music, and games.  Circuit City has in place a nationwide program for resolving

employment-related legal disputes with applicants, employees, and former employees, and

information concerning the program is distributed to all applicants for employment.

2.    On or about March 12, 1997, Plaintiff Maria Diaz applied for employment at Circuit

City.  On page 2 of her Employment Application, Diaz was presented a document entitled Circuit

City Dispute Resolution Agreement ("Agreement").  The Agreement directed Diaz to read and sign

the following provisions in order to be considered for employment:

- "I recognize that differences possibly may arise between Circuit City Stores, Inc. and me during my application or employment with Circuit City... I recognize that it is in the interest of both Circuit City and me that disputes be resolved in a manner that is fair, private, expeditious, economical, final and less burdensome or adversarial than court litigation..."

- "... I agree that I will settle any and all previously unasserted claims, disputes or controversies arising out of or relating to my application or candidacy for employment, employment and/or cessation of employment with Circuit City exclusively by final and binding arbitration before a neutral Arbitrator.  By way of example only, such claims include claims under federal state and local statutory or common law, such as the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, as amended....  I understand that if I do file a lawsuit regarding a dispute arising out of or relating to my application or candidacy for employment, employment or cessation of employment, Circuit City may use this Agreement in support of its request to the court to dismiss the lawsuit and require me instead to use arbitration."

- "The Dispute Resolution Agreement and the Dispute Resolution Rules and Procedures affect your legal rights.  You may wish to seek legal advice before signing this Dispute Resolution Agreement."

- "This Agreement will be enforceable throughout the application process, my employment, and thereafter with respect to any such claims arising from or relating to my application or candidacy for employment, employment or cessation of employment with Circuit City. I then must arbitrate all such employment-related claims, and I may not file a lawsuit in court."

3.   Under the heading "AGREED" on page 3 of the Application, Diaz signed the Agreement, provided her Social Security number, and wrote the date of March 12, 1997. A representative of Circuit City also signed the Agreement on page 3. A copy of her Employment Application and the signed Agreement are Exhibit 1 to this Motion.

4.   Diaz also received a copy of Circuit City's Dispute Resolution Rules and Procedures ("Rules") at the time of her application as part of the Application Packet. A copy of the Rules is Exhibit 2. The Rules describe in detail the arbitration program and the scope of disputes subject to arbitration. The Rules contain the following provisions:

- Rule 2 - CLAIMS SUBJECT TO ARBITRATION. Except as otherwise limited herein, any and all employment-related legal disputes, controversies or claims arising out of, or relating to, an Associate's application or candidacy for employment, employment or cessation of employment with Circuit City or one of its affiliates shall be settled exclusively by final and binding arbitration before a neutral, third-party Arbitrator selected in accordance with these Dispute Resolution Rules and Procedures."[2]

  "All previously unasserted claims arising under federal, state or local statutory or common law shall be subject to arbitration. Merely by way of example, these claims include, but are not limited to, claims arising under the Age Discrimination in Employment Act ("ADEA"), Title VII of the Civil Rights Act of 1964, as amended, ... state discrimination statutes, state statutes and/or common law regulating employment termination, [and] the law of contracts or the law of torts...."

- "Rule 3 - DISMISSAL/STAY OF COURT PROCEEDINGS. By agreeing to the Dispute Resolution Program, an Associate agrees to resolve through arbitration all claims described in or contemplated by Rule 2. If an Associate files a lawsuit in court to resolve claims subject to arbitration, the Associate agrees that the court shall dismiss the lawsuit and require the Associate to arbitration the dispute."

---

[2] Throughout the Rules, the term "Associate" is used to refer to employees, former employees, and applicants for employment. Rule 1.

**DEFENDANT CIRCUIT CITY STORES, INC.'S MOTION**
**TO COMPEL ARBITRATION AND FOR DISMISSAL AND BRIEF** - Page 3

- "Rule 16 - ENFORCEABILITY. The Dispute Resolution Agreement and any award rendered pursuant to it shall be enforceable and subject to the Federal Arbitration Act ... and the Uniform Arbitration Act of Virginia ... regardless of the State in which the arbitration is held or the substantive law applied in the arbitration."

5.    Circuit City hired Diaz as a sales counselor in March 1997 at its retail superstore in Brownsville, Texas. Circuit City terminated her employment in July 2002 due to her failure to meet sales performance requirements.

B.    Procedural Background

1.    On September 29, 2003, Diaz filed Plaintiff's Original Petition in the 404th District Court of Cameron County, Texas, alleging that she was a victim of age discrimination and unlawful retaliation in violation of the Texas Commission on Human Rights Act. Circuit City was served on or about October 3, 2003, and removed this matter to this Court on October 24, 2003.

2.    By its October 21, 2003 correspondence, Circuit City provided Diaz with a copy of the Agreement that she had signed and a copy of the Dispute Resolution Rules and Procedures. Circuit City requested that Diaz submit this matter to arbitration in accordance with the Agreement and dismiss the pending civil action. Diaz has not responded to the correspondence or to the demand for arbitration.

III.

ARGUMENT

A.    Enforceability of the Agreements

Circuit City moves the Court to order Diaz to arbitration pursuant to the provisions of the Federal Arbitration Act, 9, U.S.C. §§ 1-15. The FAA was enacted in 1925 with the purpose of reversing the longstanding judicial hostility to arbitration agreements and of placing arbitration agreements on the same footing as other contracts. *Gilmer v. Interstate Johnson Lane Corp.,* 500

**DEFENDANT CIRCUIT CITY STORES, INC.'S MOTION**
**TO COMPEL ARBITRATION AND FOR DISMISSAL AND BRIEF** - Page 4

U.S. 20, 24 (1991). The FAA's primary substantive provision states that "[a] written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. In *Gilmer*, the Court confirmed the enforceability of arbitration agreements between an employer and its employees, even as to statutory discrimination claims.

> [B]y agreeing to arbitrate a statutory claim, a party does not forego the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than judicial, forum.

*Id.* at 26 *(quoting* other cases). It is now well-settled that statutory discrimination claims between employers and employees are enforceable pursuant to the FAA. *Id.*; *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105 (2001).

Alternatively, Circuit City moves the Court to order arbitration pursuant to the Uniform Arbitration Act of Virginia, as agreed by the parties in Rule 16. The VAA provides as follows:

> A written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable, except upon such grounds as exist at law or in equity for the revocation of any contract. This article also applies to arbitration agreements between employers and employees or between their respective representatives unless otherwise provided in the agreement....

Va. Code Ann. § 8.01 -581.01 (2002). Like its federal counterpart, the VAA reflects a strong public policy in favor of arbitration. *See TM Delmarva Power, LLC v. NCP of Va., LLC,* 263 Va. 116, 122, 557 S.E.2d 199, 202 (Va. 2002) ("the public policy of Virginia favors arbitration").

Texas law respects the autonomy of the parties in choosing to apply Virginia law, and Texas will honor the parties' choice "unless the chosen law has no relation to the parties or the agreement, or their choice would offend the public policy of [Texas]." *Russ Berrie and Co. v. Gantt*, 998

S.W.2d 713, 717 (Tex. App.–El Paso 1999, no writ). In this case, the application of Virginia law

is appropriate because Circuit City is a Virginia corporation, and the enforcement of arbitration

agreements is consistent with the public policy of Texas. *See, e.g., ASW Allstate Painting and*

*Constr. Co. v. Lexington Ins. Co.*, 188 F.3d 307, 310 (5th Cir. 1999) ("[t]here is a strong presumption

in Texas public policy favoring arbitration").

A court asked to compel arbitration undertakes the following inquiry. First, the court must

determine whether the parties agreed to arbitrate the dispute at issue. *Webb v. Investacorp, Inc.*, 89

F.3d 252, 258 (5th Cir. 1996). This determination has two steps. "[Initially], the Court asks whether

there is a valid agreement to arbitrate; if so, the Court then asks whether the issue in question is

covered by the valid agreement." *Quinn v. EMC Corp.*, 109 F. Supp. 2d 681, 683 (S.D. Tex. 2000).

Second, the court must consider whether any legal constraints external to the parties' agreement

foreclose the arbitration of the claims. *Webb*, 89 F.3d at 259 (internal citations omitted).

C.    Diaz and Circuit City Entered Into a Valid Agreement to Arbitrate All Disputes

There exists between Diaz and Circuit City a valid agreement to arbitrate as evidenced by

Diaz's signature and by her continued employment after receiving the Agreement and Rules. Diaz

signed the Agreement on March 12, 1997. Diaz's signature under the word "AGREED" leaves no

room for doubt concerning the existence of her agreement to its provisions.

In addition, Diaz agreed to arbitrate by accepting and continuing her employment after clear

notice that the arbitration program was a term and condition of her employment. As a matter of

Texas law, Diaz has accepted and agreed to the arbitration policy. *See Jones v. Fujitsu Network*

*Comm.,* Inc., 81 F. Supp. 2d 688, 692 (N.D. Tex. 1999); *Circuit City Stores, Inc. v. Curry,* 946

S.W.2d 486 (Tex. App.–Fort Worth 1997, no writ).

**DEFENDANT CIRCUIT CITY STORES, INC.'S MOTION**
**TO COMPEL ARBITRATION AND FOR DISMISSAL AND BRIEF** - Page 6

D.    Diaz's Claims Are Subject to and Within the Scope of the Arbitration Agreement

Diaz alleges in her Original Petition that she is a victim of age discrimination and unlawful retaliation pursuant to state statutes. It is well established that her statutory claims fall within the scope of the type of arbitration provision contained in the Agreement and the Rules. *See, e.g., Mouton v. Metropolitan Life Ins. Co.*, 147 F.3d 453 (5th Cir. 1998) (ordering submission of Title VII claims to arbitration); *Quinn*, 109 F. Supp. 2d at 687 (former employee's claims, including alleged age discrimination, are covered by arbitration provision).

E.    There Are No External Restraints

Circuit City's Rules present a fair and expeditious means for the resolution of the dispute between Plaintiff and Circuit City. The Rules are consistent with the requirements of due process and have previously been enforced by the federal and state courts of Texas. *See Curry*, 946 S.W.2d 486 (ordering arbitration of retaliation claims of former employee); *Maria Leos v. Circuit City Stores, Inc.*, No. SA-96-CA-48 (W.D. Tex. 1996) (ordering arbitration of Title VII claims); *Smida v. Circuit City Stores, Inc. and CarMax Auto Superstores, Inc.*, No. 3-02-CV-2675 (N.D. Tex. 2003) (ordering arbitration pursuant to the Dispute Resolution Rules and Procedures).

Because Circuit City has established that there is a valid agreement to arbitrate between the parties and that the claims alleged in this civil action are within the scope of the Agreement, the Court must order the parties to arbitration.

F.    Dismissal Is the Appropriate Remedy

Circuit City further prays that this Court will dismiss the instant civil action with prejudice, as intended by the parties pursuant to Rule 3 and the Agreement. A court may dismiss a lawsuit when it determines that all of the issues involved in that lawsuit are subject to arbitration. *See Alford v. Dean Witter Reynolds. Inc.*, 975 F.2d 1161, 1165 (5th Cir. 1992) ("the weight of authority clearly

**DEFENDANT CIRCUIT CITY STORES, INC.'S MOTION**
**TO COMPEL ARBITRATION AND FOR DISMISSAL AND BRIEF** - Page 7

supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration"); *Jones*, 81 F. Supp. 2d at 693 (dismissing complaint with prejudice); *Carter v. Countrywide Credit Indus., Inc.*, 189 F. Supp. 2d 606, 621 (N.D. Tex. 2002) (dismissing action in regard to named plaintiffs who were being ordered to arbitration).

IV.

CONCLUSION

For the foregoing reasons, Circuit City respectfully requests that this Court enter an order compelling arbitration of this dispute in accordance with the terms of the Agreement and Rules. Circuit City also requests dismissal of this action pursuant to Rule 12(b) of the Federal Rules of Civil Procedure because all of the issues involved in this lawsuit are subject to final and binding arbitration.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

John G. Harrison
Attorney-In-Charge
Texas Bar No. 09115990
Southern District Bar No. 21183
700 Preston Commons
8117 Preston Road
Dallas, Texas 75225
(214) 987-3800
(214) 987-3927 (Fax)

DEFENDANT CIRCUIT CITY STORES, INC.'S MOTION
TO COMPEL ARBITRATION AND FOR DISMISSAL AND BRIEF - Page 8

Juanita Hernandez
Texas Bar No. 09518700
Southern District Bar No. 9468
2600 Weston Centre
112 East Pecan Street
San Antonio, Texas  78205
(210) 354-1300
(210) 277-2702 (Fax)

ATTORNEYS FOR DEFENDANT
CIRCUIT CITY STORES, INC.


## CERTIFICATE OF CONFERENCE

This is to certify that undersigned counsel has attempted to confer with counsel for Plaintiff concerning the demand for submission of this matter to arbitration, and that Plaintiff has refused to initiate arbitration or to dismiss the instant action.  Specifically, Defendant forwarded an October 21, 2003, correspondence to Plaintiff requesting voluntary submission to arbitration and informing Plaintiff of the relief to be sought by this Motion.  Plaintiff has not responded.


## CERTIFICATE OF SERVICE

This is to certify that on this _30th_ day of October, 2003, a true and correct copy of the above and foregoing Defendant Circuit City Stores, Inc.'s Motion to Compel Arbitration and Brief was forwarded via Federal Express to Miguel Salinas, Esq., Law Office of Miguel Salinas, 803 Old Port Isabel Road, Brownsville, Texas  78521.

# Exhibit 1

# CIRCUIT CITY®
# EMPLOYMENT APPLICATION
(Confidential)

| | |
|---|---|
| CIRCUIT CITY STORES, INC. IS AN EQUAL OPPORTUNITY EMPLOYER BY BOTH POLICY AND PRACTICE AND COMPLIES WITH ALL FEDERAL AND STATE LAWS WHICH FORBID DISCRIMINATION. | IT IS UNLAWFUL IN MASSACHUSETTS TO REQUIRE OR ADMINISTER DETECTOR TEST AS A CONDITION OF EMPLOYMENT OR CONTINU EMPLOYMENT. AN EMPLOYER WHO VIOLATES THIS LAW SHALL E SUBJECT TO CRIMINAL PENALTIES AND CIVIL LIABILITY. |

**NAME (LAST, FIRST, MIDDLE INITIAL)**  DIAZ MARCIA A

**SOCIAL SECURITY NUMBER**  136-66-21

**STREET**  4742 LAS PALOMAS

**CITY**  Brownsville

**STATE**  TX

**ZIP CODE**  78521

**HOME PHONE**  (210)546-8317

**WORK PHONE**  (    )    -

Thank you for considering Circuit City as an employer. To ensure that we make a hiring decision that is right for us and you, we number of different selection tools and consider a great amount of information before a decision is made.  As you go through the em selection process, you may come in contact with  some or all of the following selection tools.

1.  **Employment Application** — Complete all sections which pertain to you.  Do not include a resume as a substitute for comp the application.  Sign and date the application.  The employment application allows Circuit City to determine your qualification experience.  By signing the application, you authorize Circuit City to verify the information contained in the application. Falsifi of information on the application or failure to provide accurate information can result in disqualification for employment or ter tion of employment if discovered after hire.

2.  **Dispute Resolution Agreement** — This agreement requires you to arbitrate certain legal disputes related to your applicati employment or employment with Circuit City. Circuit City will not consider your application unless this agreement is signed.

3.  **Employment Interviews** — Several personal (or telephone) interviews may be conducted with you in order to provide more de information regarding your background and qualifications.

4.  **Employment Eligibility Verification** — This form is required by the U.S. Department of Justice and the Immigration Naturalization service.  It is used to verify your identity and right to work in the United States.

5.  **Employment Testing** — Various tests may be administered to measure your aptitude and abilities in job related areas. While tests are short, some administered to management level candidates may take several hours.

6.  **Test for Evidence of Substance Abuse** — This is a urinalysis test for abusive levels of any chemical substance.

7.  **Reference Checks** — Former employers and educational references are verified prior to an offer of employment.

8.  **Records Checks** — Verification and information checks with the Social Security Administration, criminal courts, state and c repositories of criminal records, Department of Motor Vehicles, and credit bureaus.

9.  **Physical Examination** — Some positions in the Company require the applicant to take a physical examination .

10.  **Loss Prevention Interview** — During this interview, you will be asked questions concerning your employment application, an rent and past involvement with illegal drugs, any prior felony convictions, any adverse information from prior employers, and related matters.

Form # P1160 / Rev. 1/97

If you wish to be considered for employment you must read and sign the following agreement. You will not be considered as an applicant until you have signed the Agreement. Included with this application is the *Circuit City Dispute Resolution Rules and Procedures.* You should familiarize yourself with these rules and procedures prior to signing the Agreement. If the Rules and Procedures are not included in this booklet you must request a copy from a Circuit City representative prior to signing the Agreement. You will note that if you sign at this time you do have three (3) days to withdraw your consent. You may, of course, take the package with you and return with it signed, if you wish to continue your application process.

## CIRCUIT CITY DISPUTE RESOLUTION AGREEMENT

I recognize that differences possibly may arise between Circuit City Stores, Inc. and me during my application or employment with Circuit City (Circuit City Stores, Inc. includes affiliate companies such as CarMax, Patapsco Designs and FNANB). I recognize that it is in the interest of both Circuit City and me that disputes be resolved in a manner that is fair, private, expeditious, economical, final and less burdensome or adversarial than court litigation. Circuit City has an effective Open Door Policy, and I will try to take advantage of it where feasible. I understand, however, that not all issues can be resolved using the Open Door Policy.

Except as set forth below, I agree that I will settle any and all previously unasserted claims, disputes or controversies arising out of or relating to my application or candidacy for employment, employment and/or cessation of employment with Circuit City, exclusively by final and binding arbitration before a neutral Arbitrator. By way of example only, such claims include claims under federal, state and local statutory or common law, such as the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, as amended, including the amendments of the Civil Rights Act of 1991, the Americans with Disabilities Act, the Family Medical Leave Act, the law of contract and law of tort.

I understand that if I do file a lawsuit regarding a dispute arising out of or relating to my application or candidacy for employment, employment or cessation of employment, Circuit City may use this Agreement in support of its request to the court to dismiss the lawsuit and require me instead to use arbitration.

I understand that I still may exercise my rights under the National Labor Relations Act and file charges with the National Labor Relations Board. I further understand that I still may file administrative charges with the Equal Employment Opportunity Commission or similar federal, state or local agency, but that upon receipt of a right-to-sue letter or similar administrative determination, I shall arbitrate any claim that I may have against Circuit City.

I understand that I must file a claim for arbitration within one (1) year of the day on which I learned or, through reasonable diligence, should have learned that my legal rights were violated. I further agree that if I commence an arbitration, it will be conducted in accordance with the "Circuit City Dispute Resolution Rules and Procedures."

I understand that neither this Agreement nor the Dispute Resolution Rules and Procedures form a contract of employment between Circuit City and me. I further understand that my signature to this Agreement in no way guarantees that Circuit City will accept my application for employment. If Circuit City does accept my application for employment and I become employed at Circuit City, this Agreement in no way alters the "at-will" status of my employment. I understand that my employment, compensation and terms and conditions of employment can be altered or terminated, with or without cause, and with or without notice, at any time, at the option of either Circuit City or myself. I understand that no store manager or representative of Circuit City, other than an Officer of Circuit City at the level of Vice President or above, has any authority to enter into any agreement for employment for any specific duration, to make any agreement contrary to the foregoing or to alter the Circuit City Dispute Resolution Rules and Procedures.

**The Dispute Resolution Agreement and the Dispute Resolution Rules and Procedures affect your legal rights. You may wish to seek legal advice before signing this Dispute Resolution Agreement.**

I have read this Agreement and understand that I should read the Dispute Resolution Rules and Procedures over the next few days.

I understand that I may withdraw my consent to this Agreement within three (3) days from the date on which I sign below by notifying the Applicant Screening Department in writing **(including my Social Security number and the address of the place at which I applied for employment)** that I am withdrawing my application for employment at Circuit City. The address for the Applicant Screening Department is:

> Circuit City Stores, Inc.
> Applicant Screening Department
> 9960 Mayland Drive
> Richmond, VA  23233

I understand that by so notifying the Applicant Screening Department, I will not be bound to this Agreement and that I no longer will be eligible for employment at Circuit City.  I recognize that if I sign the Agreement and do not withdraw within three days of signing I will be required to arbitrate, as explained above, employment-related claims which I may have against Circuit City, whether or not I become employed by Circuit City.

This Agreement will be enforceable throughout the application process, my employment, and thereafter with respect to any such claims arising from or relating to my application or candidacy for employment, employment or cessation of employment with Circuit City.  I then must arbitrate all such employment-related claims, and I may not file a lawsuit in court.

**AGREED:**

_Marcia A. Dig_ (signature)
Signature

Date: _3/12/97_

_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_
Social Security No.

Circuit City agrees to follow this Dispute Resolution Agreement and the Dispute Resolution Rules and Procedures in connection with the Associate whose signature appears above.

_(signature)_

Jeffrey S. Wells
Senior Vice President, Human Resources
Circuit City Stores, Inc.

# S T O P !

IF YOU HAVE **NOT** SIGNED THE AGREEMENT...
> If you have decided **not** to agree to the terms of the preceding DISPUTE RESOLUTION AGREEMENT then you do not need to complete the balance of this application. We appreciate your interest in the company.

IF YOU HAVE SIGNED THE AGREEMENT...
> If you have decided at this time to **agree** to the terms of the preceding DISPUTE RESOLUTION AGREEMENT then you will need to complete the balance of this application so that we can continue with your application process.

# EDUCATION AND TRAINING

CIRCLE LAST YEAR OF EDUCATION COMPLETED
GRADE SCHOOL    9    10    11    12    13    14    15    16    (17)    18    19    20

| HIGH SCHOOL ATTENDED | DIPLOMA/G.E.D. RECEIVED? |
|---|---|
| Calexio Mexicano | yes ☑   no ☐ |

| BUSINESS SCHOOL, TRADE SCHOOL, COLLEGE OR UNIVERSITY ATTENDED | COURSE OF STUDY (MAJOR AREA OF STUDY) | YRS. ATTENDED | DEGREE REC'D | GRADE AV |
|---|---|---|---|---|
| NAME: ISCAM  CITY & MONTERREY  STATE: NUEVO LEON, MEXICO | INTERIOR DECORATION | FROM 19 67  TO 19 69 | NO | 85-9. |
| NAME: MONTERREY TEC  CITY & MONTERREY  STATE: N.L   MEXICO | BUSINESS ADMINISTRATION | FROM 19 69  TO 19 71 | NO | 80-90 |
| NAME: MERCER COUNTY COMUNITY COLLEGE  CITY & TRENTON  STATE: N.J | BUSINESS ADMINISTRATION | FROM 19 77  TO 19 79 | NO | 97 |
| NAME:  CITY &  STATE: | | FROM 19____  TO 19____ | | |

LIST ANY BUSINESS MACHINES YOU ARE CAPABLE OF OPERATING AND ANY OTHER SPECIAL SKILLS RELEVANT TO THE POSITION FOR WHICH YOU ARE APPLYING.

☑ ADDING MACHINE    ☑ TYPEWRITER    ☐ FORK LIFT    ☐ WORD PROCESSOR/COMPUTER
☑ CALCULATOR    ☑ SWITCHBOARD    ☑ CASH REGISTER    ☐ SOFTWARE TRAINED IN _____

OTHER: _____

LIST ANY HOBBIES, INTERESTS, OR ANY OTHER SKILLS OR HONORS WHICH HAVE A DIRECT BEARING ON THE JOB YOU ARE SEEKING. IDENTIFY ANY LANGUAGES, OTHER THAN ENGLISH, YOU CAN SPEAK AND UNDERSTAND. YOU ARE NOT REQUIRED TO LIST ANY INFORMATION WHICH MIGHT REVEAL YOUR RACE, RELIGION, SEX OR NATIONAL ORIGIN.

100 % Bilingual - English - Spanish

PAGE 4

1/97

# EMPLOYMENT HISTORY

LIST ALL JOBS, MILITARY SERVICE, VERIFIABLE VOLUNTEER WORK AND SELF-EMPLOYMENT IN THE USA, BEGINNING WITH PRESENT JOB. INCLUDE ANY PERIODS OF UNEMPLOYMENT GREATER THAN 1 MONTH IN DURATION. PRINT CLEARLY.

**YOU MUST COMPLETE THIS SECTION IN ITS ENTIRETY EVEN IF YOU INCLUDE A RESUME.**

| NAME OF COMPANY, ADDRESS, STATE TELEPHONE NUMBER | DATES OF EMPLOYMENT MONTH-YEAR | RATE OF PAY | NAME & PHONE NUMBER OF SUPERVISOR | DUTIES & RESPONSIBILITIES | REASON FOR LEAVING |
|---|---|---|---|---|---|
| CO. NAME Americon Dingo STREET 815 Congress Suit 1200 CITY & STATE Austin TX 78201 PHONE (512) 472-2041 JOB TITLE Public Relation | FROM 10/96 2/97 TO | STARTING ENDING CIRCLE: HR WK MO YR # HRS/WK | Richard Henry NAME OF SUPERVISOR (512 472-2041) (AREA) PHONE # MAY WE CONTACT? ☑YES ☐ NO | Promotional activities & cashier | Personal difference b/ new management |
| CO. NAME Tymshare Computerized Income STREET Tax Service CITY & STATE Lexington, Ky PHONE # JOB TITLE Tax Coordinator | TEMP. Job FROM 1/80 4/80 TO | STARTING ENDING CIRCLE: HR WK MO YR # HRS/WK | NAME OF SUPERVISOR ( ) (AREA) PHONE # | Assist the accountants | Moving out of State Husbands Job |
| CO. NAME Goodall Rubber STREET CITY & STATE Trenton, NJ PHONE ( ) 587-4000 JOB TITLE Sales Correspondent | FROM 10/74 9/79 TO 40 | STARTING ENDING CIRCLE: HR WK MO YR # HRS/WK | NAME OF SUPERVISOR Grace Walker ( ) (AREA) PHONE # | Inside sales Cost Analyst Purchasing Agent | My husband got transfered |
| CO. NAME Financiera Aceptaciones STREET CITY & STATE Monterrey NL Mexico PHONE # JOB TITLE Receptionist Secretary | FROM 2/71 4/74 TO 45 | STARTING ENDING CIRCLE: HR WK MO YR # HRS/WK | NAME OF SUPERVISOR Cesar G. Lozano ( ) (AREA) PHONE # | Usual Secretary duties, handle Customer Relations, Service and complaints | Got married went to NJ. |
| CO. NAME STREET CITY & STATE PHONE # JOB TITLE | FROM TO | STARTING ENDING CIRCLE: HR WK MO YR # HRS/WK | NAME OF SUPERVISOR ( ) (AREA) PHONE # | | |

HAVE YOU EVER WORKED FOR CIRCUIT CITY OR ANY OF ITS SUBSIDIARIES?   ☐ YES ☑ NO
IF YES, WHERE _____ FROM _____ TO _____

HAVE YOU, WITHIN THE LAST TWELVE MONTHS, APPLIED FOR A POSITION WITH CIRCUIT CITY OR ANY OF ITS SUBSIDIARIES?  ☐ YES ☑ NO  IF YES, WHERE _____
APPROXIMATE DATE _____

DO YOU HAVE ANY FRIENDS OR RELATIVES EMPLOYED BY CIRCUIT CITY?  ☐ YES ☑ NO
IF YES, PLEASE IDENTIFY _____

SOURCE OF REFERRAL:
☐ NEWSPAPER AD
☐ CURRENT CCS EMPLOYEE
☐ COLLEGE RECRUITING
☐ EMPLOYMENT AGENCY
☐ STATE EMPLOYMENT AGENCY
☐ FORMER CCS EMPLOYEE
OTHER (SPECIFY) _Friend_

ARE YOU ELIGIBLE TO WORK IN THE USA?  ☑ YES  ☐ NO

ARE YOU UNDER 18 YEARS OF AGE?  ☐ YES  ☑ NO
IF YES, DO YOU HAVE A WORK PERMIT?  ☐ YES  ☐ NO

HAVE YOU, SINCE THE AGE OF 18, BEEN CONVICTED OF A FELONY?  ☐ YES  ☑ NO
IF YES, PLEASE EXPLAIN. _____
A CONVICTION WILL NOT NECESSARILY EXCLUDE YOU FROM EMPLOYMENT. EACH CONVICTION WILL BE JUDGED ON ITS OWN MERITS WITH RESPECT TO THE TIME, CIRCUMSTANCES AND SERIOUSNESS.

SPECIFIC TITLE OF POSITION APPLIED FOR: _Sales or CS_
TYPE OF WORK DESIRED:  ☑ FULL TIME  ☐ REGULAR  ☐ PART TIME  ☐ SEASONAL

DATE AVAILABLE TO BEGIN WORK: _Anytime_
SALARY/WAGE EXPECTED: $ _Min_ PER YR.  $ _____ PER HR.

LIST HOURS AND DAYS YOU ARE AVAILABLE TO WORK.

| | SUN. | MON. | TUE. | WED. | THU. | FRI. | SAT. |
|---|---|---|---|---|---|---|---|
| FROM | Anytime | anytime | anytime | anytime | anytime | Anytime | Anytim |
| TO | '' | '' | '' | '' | '' | '' | '' |

PLEASE READ CAREFULLY AND SIGN BELOW:

I hereby certify that all of the information contained in this application is complete and accurate to the best of my knowledge. I understand that, if employed, omissions or false or inaccurate statements on this application or the Loss Prevention interview may result in dismissal.

I hereby authorize all prior employers, schools, credit bureaus, Social Security Administration, law enforcement agencies and investigative agencies t give Circuit City Stores, Inc. any and all information concerning my previous employment and any pertinent information they may have, personal or otherwise, concerning my qualifications for the position applied for. I release all persons or entities from all liability for any damage that may result from furnishing information to Circuit City Stores, Inc. I also release Circuit City Stores, Inc. and all of its employees from all liability for any damage that may result from reliance on the information furnished. I understand that if a consumer investigative report is requested, I have the right under the Fair Credit Reporting Act to request in writing, within a reasonable time, a complete and accurate disclosure of the nature and scope of the investigation. This written request should be addressed to the location where this application is filed.

If employed by Circuit City Stores, Inc., I agree to abide by its policies, rules and regulations. I understand and agree that my employment is at-will, and therefore, my employment and compensation can terminate, with or without cause, at any time, at my option or the option of Circuit City Stores, In I further understand and agree that this at-will employment relationship will remain in effect throughout my employment with Circuit City Stores, Inc. or any of its affiliated companies, unless it is modified by a specific written employment contract for a special duration which is signed by an officer of Circuit City Stores, Inc. at the level of Vice President or above and me. This at-will employment relationship may not be modified by any oral or implied agreement.

I understand that this application is completed for the position or positions indicated on page 6 and that it will be necessary to reapply for other positions when they become available. I also understand that this application is good for only sixty (60) days from today's date. If I still desire to be considered for a position with the company after this application expires, it will be my responsibility to complete a new application and file it with the company.

_Marcia A. Dig_
SIGNATURE OF APPLICANT

_3/12/97_
DATE SIGNED

Form # P1150 / Rev. 1/97                    PAGE 6

# Exhibit 2

# DISPUTE RESOLUTION RULES AND PROCEDURES

# CIRCUIT CITY DISPUTE RESOLUTION RULES AND PROCEDURES

**Rule 1.   PURPOSE**

Circuit City (the Company) has established an employment dispute resolution procedure, culminating in formal arbitration, designed to provide a fair, private, exclusive, expeditious, final and binding means for resolving legal disputes arising out of, or relating to, employment with Circuit City, without the need for litigation in federal, state or local courts. These Dispute Resolution Rules and Procedures govern arbitrations held pursuant to the Circuit City Dispute Resolution Agreement, whether brought by an Associate or by Circuit City. The term "Associate" includes applicants, employees and former employees. These Dispute Resolution Rules and Procedures are written to guide an Associate through the arbitration process; however, they apply with full force and effect to both Associates and Circuit City.

**Rule 2.   CLAIMS SUBJECT TO ARBITRATION**

Except as otherwise limited herein, any and all employment-related legal disputes, controversies or claims arising out of, or relating to, an Associate's application or candidacy for employment, employment or cessation of employment with Circuit City or one of its affiliates shall be settled exclusively by final and binding arbitration before a neutral, third-party Arbitrator selected in accordance with these Dispute Resolution Rules and Procedures. Arbitration shall apply to any and all such disputes, controversies or claims whether asserted against the Company and/or against any employee, officer, alleged agent, director or affiliate company.

All previously unasserted claims arising under federal, state or local statutory or common law shall be subject to arbitration. Merely by way of example, these claims include, but are not limited to, claims arising under the Age Discrimination in Employment Act (ADEA), Title VII of the Civil Rights Act of 1964, as amended, including the amendments of the Civil Rights Act of 1991, the Americans with Disabilities Act (ADA), the Fair Labor Standards Act (FLSA), 42 U.S.C. § 1981, as amended, including the amendments of the Civil Rights Act of 1991, the Employee Polygraph Protection Act, the Employee Retirement Income Security Act (ERISA), state discrimination statutes, state statutes and/or common law regulating employment termination, the law of contract or the law of tort; including, but not limited to, claims for malicious prosecution, wrongful discharge, wrongful arrest/wrongful imprisonment, and intentional/negligent infliction of emotional distress or defamation. Statutory or common law claims alleging that Circuit City retaliated or discriminated against an Associate shall be subject to arbitration.

Claims by Associates for state employment insurance (e.g., unemployment compensation, worker's compensation, worker disability compensation) or under the National Labor Relations Act shall not be subject to arbitration.

**Rule 3.   DISMISSAL/STAY OF COURT PROCEEDINGS**

By signing the Dispute Resolution Agreement, an Associate agrees to resolve through arbitration all claims described in or contemplated by Rule 2. If an Associate files a lawsuit in court to resolve claims subject to arbitration, the Associate agrees that the court shall dismiss the lawsuit and require the Associate to arbitrate the dispute.

If an Associate files a lawsuit in court involving claims which are, and other claims which are

4

not, subject to arbitration the Associate agrees that the court shall stay litigation of the nonarbitrable claims and require that arbitration take place with respect to those claims subject to arbitration. The Associate further agrees that the Arbitrator's decision on the arbitrable claims, including any determinations as to disputed factual or legal issues, shall be entitled to full force and effect in any later court lawsuit on any nonarbitrable claims.

## Rule 4.   COMMENCEMENT OF ARBITRATION

### a.   PROCEDURE

An Associate shall commence an arbitration by filing the attached Arbitration Request Form with a required filing fee of $75 (made payable with a cashier's check or money order to Circuit City Stores, Inc.) to:

> Arbitration Coordinator
> Circuit City Stores, Inc.
> 9954 Mayland Drive
> Richmond, Virginia 23233-1464

The required filing fee may be waived based on demonstrated inability to pay. An Associate may obtain a Request for Waiver of Filing Fee from the Arbitration Coordinator at the address above or by calling (804) 527-4000, ext. 8912.

Any Arbitration Request Form which is not accompanied by either the required filing fee or a Request for Waiver of Filing Fee will not be accepted and will be returned to the Associate.

### b.   TIME LIMITS

#### i.      FILING OF REQUEST FOR ARBITRATION
The "Circuit City Arbitration Request Form" shall be submitted not later than one year after the date on which the Associate knew, or through reasonable diligence should have known, of the facts giving rise to the Associate's claim(s). The failure of an Associate to initiate an arbitration within the one-year time limit shall constitute a waiver with respect to that dispute relative to that Associate.

#### ii.     "CIRCUIT CITY'S RESPONSE"
Within 21 calendar days of receipt of an Associate's Arbitration Request Form and either the accompanying filing fee or Request for Waiver of Filing Fee, the Company shall send the Company's Response to the Associate via first-class mail, postage prepaid, or hand delivery.

The Response, which also shall be mailed to the Associate's attorney if one has been retained, shall describe the Company's position regarding the allegations in the Associate's Arbitration Request Form.

### c.   NOTICE/OTHER FILINGS

All other communications, notices or filings, including discovery requests and responses, shall be in writing, and shall be deemed to have been given if (i) delivered by hand to a person of suitable age and discretion; or (ii) mailed first class mail, postage prepaid, as follows:

| If to Circuit City: | (i) Arbitration Coordinator |
|---|---|
| | Circuit City Stores, Inc. |
| | 9954 Mayland Drive |
| | Richmond, Virginia 23233-1464; or |
| | (ii) to the Company's attorney as designated in writing by the Company. |

If to the Associate:     (i) to the Associate's address of record as it appears on the Arbitration Request Form; or

(ii) to the Associate's attorney as designated in the Arbitration Request Form or later designated in writing by the Associate.

## Rule 5.   SELECTION OF AN ARBITRATOR

Circuit City and the Associate shall participate equally in the selection of an Arbitrator to decide the arbitration. Within 21 calendar days after the Company receives the Associate's Arbitration Request Form and the accompanying filing fee, National Arbitration and Mediation (NAM) or other Arbitrator and/or Arbitration Service as agreed to by the Parties shall be asked to provide a panel of seven (7) neutral arbitrators with experience deciding employment disputes. The Company and the Associate then shall have the opportunity to review the background of the arbitrators by examining the materials provided by the Arbitration Service. Within seven (7) calendar days after the panel composition is received, the Associate and the Company each shall inform the Arbitration Service which arbitrators the Parties find unacceptable for deciding the dispute. The Arbitration Service then will appoint an Arbitrator from among the named individuals the Parties found acceptable. If all arbitrators on the first panel furnished by the Arbitration Service are stricken by the parties as unacceptable for deciding the dispute, the Arbitration Service is authorized to furnish an additional panel, from which each party may strike up to three (3) arbitrators. The Arbitration Service will then appoint an arbitrator from the remaining names.

## Rule 6.   TIME AND PLACE OF ARBITRATION

The arbitration hearing shall be held at the offices of, or a location selected by, the Arbitration Service in the city nearest the location where the Associate was or sought to be employed with the Company, unless the Parties agree otherwise. If the Arbitration Service does not select an arbitration location within fifty (50) miles of the city of the Associate's last employment with the Company, the Associate and the Company shall designate a mutually amenable location at which to hold the arbitration.

The Parties and the Arbitrator shall make every effort to see that the arbitration is completed, and an award rendered, as soon as possible. There shall be no extensions of time or delays of an arbitration hearing except in cases where both Parties consent to the extension or delay, or where the Arbitrator finds such a delay or extension necessary to resolve a discovery dispute or other matter relevant to the arbitration.

## Rule 7.   REPRESENTATION

Both the Associate and the Company shall have the right to be represented by counsel.

## Rule 8.   DISCOVERY

a.   INITIAL DISCLOSURE

Within fourteen (14) calendar days following the appointment of an Arbitrator, the Parties shall provide each other with copies of all documents (except for privileged documents that are protected from disclosure because they involve attorney-client, doctor-patient or other legally privileged or protected communications or materials) upon which they rely in support of their claims or defenses. Throughout the discovery phase, each Party is under a continuing obligation to supplement its disclosures as described above.

Upon request, the Associate shall be entitled to a copy of all documents (except privileged documents as described above) in the Associate's "PERSONNEL RECORDS FILE."

**b. OTHER DISCOVERY**

    **i. INTERROGATORIES/DOCUMENT REQUESTS**
Each Party may propound up to 20 interrogatories (including subparts) to the opposing Party. Interrogatories are written questions asked by one party to the other, who must answer under oath. Such interrogatories may include a request for all documents upon which the responding party relies in support of its answers to the interrogatories. Answers to interrogatories must be served within 21 calendar days of receipt of the interrogatories.

    **ii. DEPOSITIONS**
A deposition is a statement under oath that is given by one party in response to specific questions from the other party, and usually is recorded or transcribed by a court reporter. Each Party shall be entitled to take the deposition of up to three (3) individuals of the Party's choosing. The Party taking the deposition shall be responsible for all costs associated therewith, such as the cost of a court reporter and the cost of a transcript.

    **iii. ADDITIONAL DISCOVERY**
Upon the request of any Party and a showing of substantial need, the Arbitrator may permit additional discovery, but only if the Arbitrator finds that such additional discovery is not overly burdensome, and will not unduly delay conclusion of the arbitration.

**c. DISCOVERY DISPUTES**

The Arbitrator shall decide all disputes related to discovery. Such decisions shall be final and binding on the Parties. In ruling on discovery disputes, the Arbitrator shall be guided by the discovery rules contained in the Federal Rules of Civil Procedure.

**d. TIME FOR COMPLETION OF DISCOVERY**

All discovery must be completed within ninety (90) calendar days after the selection of the Arbitrator, except for good cause shown. In order to expedite the arbitration, the Parties may initiate discovery prior to the appointment of the Arbitrator.

**Rule 9. HEARING PROCEDURE**

    **a. WITNESSES**

Witnesses shall testify under oath, and the Arbitrator shall afford each Party a sufficient opportunity to examine its own witnesses and cross-examine witnesses of the other Party. Either Party may issue subpoenas compelling the attendance of any other person necessary for the issuing Party to prove its case.

    **i. SUBPOENAS**
A subpoena is a command to an individual to appear at a certain place and time and give testimony. A subpoena also may require that the individual bring documents when he or she gives testimony. The Arbitrator shall have the authority to enforce and/or cancel such subpoenas provided that such subpoenas are issued no less than 10 calendar days prior to

the commencement of an arbitration hearing or deposition. The Party issuing the subpoena shall be responsible for the fees and expenses associated with the issuance and enforcement of the subpoena, and with the attendance of the subpoenaed witness at the arbitration hearing.

### ii.     SEQUESTRATION

The Arbitrator shall ensure that all witnesses who will testify at the arbitration are not influenced by the testimony of other witnesses. Accordingly, the Arbitrator may sequester all witnesses who will testify at the arbitration, provided that the Arbitrator shall permit the Associate bringing the arbitration and the Company's designated representative to remain throughout the arbitration, even though they may or may not testify at the hearing.

## b.  EVIDENCE

The parties may offer evidence that is relevant and material to the dispute and shall produce any and all nonprivileged evidence which the Arbitrator deems necessary to a determination of the dispute. The Arbitrator need not specifically follow the Federal Rules of Evidence, although they may be consulted to resolve questions regarding the admissibility of particular matters.

## c.  BURDEN OF PROOF

An Associate has the burden of proving a claim or claims by a preponderance of the evidence. To prevail, an Associate must prove that the Company's conduct with respect to the Associate was a violation of applicable law.

## d.  BRIEFING

Each Party shall have the opportunity to submit one pre-hearing brief and one post-hearing brief, which is a written statement of facts and law, in support of its position. Briefs shall be typed and shall be limited in length to 20 double-spaced pages.

Pre-hearing briefs may be submitted no later than ten (10) calendar days prior to a scheduled arbitration hearing. Post-hearing briefs may be submitted no later than twenty (20) calendar days after the Parties receive the transcript of the arbitration from the reporting service.

## e.  TRANSCRIPTION

The Parties may arrange for transcription of the arbitration by a certified reporter. The parties shall share evenly the costs of the reporter and transcription, subject to the provisions of Rule 13 below.

## f.  CONSOLIDATION

### i.     CLAIMS

The Arbitrator shall have the power to hear as many claims as the parties may have against one another consistent with Rule 2 of these Dispute Resolution Rules and Procedures. The Arbitrator may hear additional claims that were not mentioned in the Arbitration Request Form, provided the Party adding claims notifies the other Party at least 30 calendar days prior to a scheduled arbitration, the additional claims are timely as of the date on which they were added and the other Party is not prejudiced in its defense by such addition.

8

ii.   PARTIES

The Arbitrator shall not consolidate claims of different Associates into one proceeding, nor shall the Arbitrator have the power to hear an arbitration as a class-action (a class action involves an arbitration or lawsuit where representative members of a large group who claim to share a common interest seek relief on behalf of the group).

g.   CONFIDENTIALITY

All aspects of an arbitration pursuant to these Dispute Resolution Rules and Procedures, including the hearing and record of the proceeding, shall be confidential and shall not be open to the public, except (i) to the extent both Parties agree otherwise in writing; (ii) as may be appropriate in any subsequent proceeding between the parties, or (iii) as may otherwise be appropriate in response to a governmental agency or legal process.

All settlement negotiations, mediations, and the results thereof shall be confidential.

## Rule 10. SUBSTANTIVE CHOICE OF LAW

The Arbitrator shall apply the substantive law of the State in which the Associate is, was or sought to be predominantly employed. For claims arising under federal law, the Arbitrator shall follow the substantive law applicable to the United States District Court for the District in which the Associate is or was predominantly employed.

## Rule 11. ARBITRATOR AUTHORITY

The Arbitrator shall conduct the arbitration and shall have the authority to render a decision in accordance with these Dispute Resolution Rules and Procedures, and in a manner designed to promote rapid and fair resolution of disputes. To that end, seven (7) days prior to the scheduled arbitration hearing, the parties shall participate in a telephone conference with the Arbitrator. Where a party has challenged the legal sufficiency of an asserted claim or defense in a prehearing brief, each party may be heard. A party making such a challenge should file the prehearing brief as early as possible to permit due consideration of the issue. The Arbitrator shall strike any legally deficient claim and/or defense by a ruling communicated to the parties at least five days prior to the scheduled arbitration hearing.

a. JURISDICTION

The Arbitrator's authority shall be limited to deciding the claims, counterclaims and defenses submitted for arbitration. Unless the Associate is subject to a contract providing for the employment of the Associate under specified terms or for a given duration, the Associate's employment remains alterable at the discretion of the Company and / or terminable at any time, at the will of either the Associate or the Company, with or without just cause. Accordingly, the Arbitrator shall have no authority to require that Circuit City have "just cause" to discipline or discharge an Associate or to change the terms and conditions of employment of an Associate unless specifically required by federal, state or local law, or as a remedy for a violation of applicable law by the Company with respect to the Associate.

b. SANCTIONS

The Arbitrator shall have the power to award sanctions against a Party for the Party's failure to comply with these Dispute Resolution Rules and Procedures or with an order of the Arbitrator. These sanctions may include assessment of costs, prohibitions of evidence, or, if

justified by a Party's wanton or willful disregard of these Dispute Resolution Rules and Procedures, an adverse ruling in the arbitration against the Party who has failed to comply.

## Rule 12. AWARD

Within 21 calendar days after receipt of post-hearing briefs, if any, the Arbitrator shall mail to the parties a written award specifying appropriate remedies, if any. In the Arbitrator's discretion, the award may include findings of fact and conclusions of law.

The Parties to an arbitration shall be provided with a copy of the Arbitrator's award. Other Associates who have agreed to arbitration may request copies of arbitration decisions in a given case. In cases where an arbitration decision is provided to an Associate who was not a Party to the particular arbitration, the Party-Associate's name shall be deleted from the arbitration decision unless the Party-Associate agrees othewise in writing.

## Rule 13. FEES AND EXPENSES

### a.  COSTS OTHER THAN ATTORNEY FEES

#### 1. Definitions
Costs of an arbitration for which an Associate may be responsible, subject to the other provisions of this Rule, include filing or administrative fees charged by the Arbitration Service, the cost of a reporter who transcribes the proceeding, and expenses of renting a room in which the arbitration is held. Incidental costs include such items as photocopying or the costs of producing witnesses or proof.

#### 2. Filing Fee/Costs of Arbitration
An Associate initiating an arbitration shall pay a filing fee of seventy-five dollars ($75) made payable with a cashier's check or money order to Circuit City Stores, Inc., unless the filing fee is waived based on demonstrated inability to pay. Circuit City shall pay the daily or hourly fees of the Arbitrator who decides the case and shall advance the remainder of the costs of the arbitration. Each Party shall advance its own incidental costs. The Associate's liability for the costs and fees of arbitration, other than attorney fees, however, shall be limited to the higher of $500 or three percent (3%) of the Associate's most recent annual compensation at Circuit City.

#### 3. Shifting of Costs
If the Associate prevails in arbitration, whether or not monetary damages or remedies are awarded, the filing fee shall be refunded to the Associate, and the Arbitrator may require that Circuit City pay the Associate's costs of Arbitration and incidental costs. If Circuit City prevails in arbitration, the Arbitrator may require the Associate to pay Circuit City's costs of arbitration and incidental costs, subject to the limitation set forth above.

#### 4. Payment of Costs
The Parties shall pay all previously unpaid arbitration costs within ninety (90) calendar days of the issuance of the arbitration award.

If the Associate fails to pay, or fails to make arrangements to pay, within ninety (90) calendar days, and the Associate is still employed by the Company, Circuit City may deduct the amount owed from the Associate's paycheck. Such deduction may not exceed a rate of five percent (5%) of the Associate's compensation per pay period.

### b.  ATTORNEY FEES

The Arbitrator is authorized to award attorney's fees in accordance with applicable law. In the absence of an award, each Party shall be liable for its own attorney fees. Any award shall be reasonable in light of the amount and complexity of work involved in the arbitration, and in accordance with customary billing rates of attorneys in the geographic area in which the arbitration is held.

## Rule 14. REMEDIES AND DAMAGES

If the Arbitrator finds for the Associate, the Arbitrator, in his discretion, may award appropriate relief in accordance with applicable law. If appropriate relief includes reinstatement, such reinstatement will be to the position of employment the Associate held or, if such reinstatement is impractical, to a comparable position at the location of the Associate's last employment. If reinstatement at the place of the Associate's last employment is not practical, reinstatement to a comparable position at Circuit City in the same general geographic market area.

## Rule 15. SETTLEMENT

The Parties may settle their dispute at any time. Prior to closure of the arbitration hearing, the Parties may settle the case without involvement of the Arbitrator. Once the hearing has closed, settlement may take place only with approval of the Arbitrator.
At any point prior to the Arbitrator's issuance of an award, the Parties may, by agreement, refer their dispute to mediation before a mediator provided by the Arbitration Service.

## Rule 16. ENFORCEABILITY

The Dispute Resolution Agreement and any award rendered pursuant to it shall be enforceable and subject to the Federal Arbitration Act, 9 U.S.C. § 1, et seq., and the Uniform Arbitration Act of Virginia, 8.01-581.01 et seq., regardless of the State in which the arbitration is held or the substantive law applied in the arbitration.

## Rule 17. APPEAL RIGHTS

The award rendered by the Arbitrator shall be final and binding as to both the Associate and the Company. Either party may appeal the Arbitrator's decision to a court in accordance with the appeal procedures of the Federal Arbitration Act, 9 U.S.C. § 1 et seq., or the Uniform Arbitration Act of Virginia, 8.01-581.01. et seq.

## Rule 18. SEVERABILITY/CONFLICT WITH LAW

In the event that any of these Dispute Resolution Rules and Procedures agreed upon by the Parties is held to be in conflict with a mandatory provision of applicable law, the conflicting Rule or Procedure shall be modified automatically to comply with the mandatory provision of applicable law until such point as these Dispute Resolution Rules and Procedures may be modified in accordance with Rule 19 below. In the event of an automatic modification with respect to a particular Rule or Procedure, the remainder of these Rules and Procedures shall not be affected. An automatic modification of one of these Rules or Procedures shall be applicable only in the jurisdiction in which it is in conflict with a mandatory provision of law.

In all other jurisdictions, these Dispute Resolution Rules and Procedures shall apply in full force and effect.

**Rule 19.** TERMINATION OR MODIFICATION OF DISPUTE RESOLUTION AGREEMENT OR DISPUTE RESOLUTION RULES AND PROCEDURES

Circuit City may alter or terminate the Agreement and these Dispute Resolution Rules and Procedures on March 1st of any year upon giving 30 calendar days written notice to Associates, provided that all claims arising before alteration or termination shall be subject to the Agreement and corresponding Dispute Resolution Rules and Procedures in effect at the time the Arbitration Request Form and accompanying filing fee, or Request for Waiver of Filing Fee is received by the Company. Notice may be given by posting a written notice by February 1st of each year at all Circuit City locations (including locations of affiliated companies). A copy of the text of any modification to the Agreement or Rules and Procedures will be published in the Applicant Packet, which will be available at such locations after March 1st of each year .



# ARBITRATION REQUEST FORM

**(Please Print or Type)**

**-CONFIDENTIAL-**

Name: _____    Social Security No.: _____

Telephone: _____

Address of Record: _____
           Street                             City

_____
           State                            Zip

Position: _____    Status (full or part time): _____

Date of Hire: _____    Date of Incident: _____

Store/Place of Employment: _____

Please state the dispute you wish to have decided by an Arbitrator. Please explain why you believe the other Party's actions were unlawful and state the basis for your claim (e.g., discrimination on the basis of sex, race, religion, national origin, retaliation, etc.)

_____

_____

_____

_____

_____

(Please attach additional sheets if necessary)

Please include the names of any witnesses to the Party's alleged unlawful action.

_____

_____

_____

_____

_____

Please state how you would like your dispute with Circuit City resolved.

_____
_____
_____
_____
_____
_____
_____
_____

(Please attach additional sheets if necessary)

If you will be represented by an attorney, please identify that person below.

_____

Name of Representative

_____

Address

_____

Telephone

I hereby submit the above-described dispute for arbitration. I agree to accept the decision and award of the Arbitrator as final and binding as to all claims relating to my employment relationship with Circuit City or its affiliates which have been or could have been raised under my Arbitration Agreement with Circuit City. I understand that to initiate this arbitration, I must submit with this Request Form a filing fee of seventy-five dollars ($75) in the form of a cashier's check or money order made payable to Circuit City Stores, Inc. or a Request for Waiver of Filing Fee. I understand that unless the Arbitrator rules otherwise, I will be responsible for the fees of my own attorney should I retain one and for one-half of the arbitration fees and expenses, subject to the limitations in the Circuit City Dispute Resolution Rules and Procedures.

**SIGNED:**

_____          _____
Associate                                                             Date

_____          _____
Associate's Attorney                                              Date