IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
**ENTERED**

FEB 2 0 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| MARCIA A. DIAZ, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. B-03-185 |
| CIRCUIT CITY, INC. | § § § | |
| Defendants. | § | |

## ORDER COMPELLING ARBITRATION AND STAYING CASE

BE IT REMEMBERED that on February 19, 2004, the Court **GRANTED** Defendant Circuit City Stores, Inc.'s ("Circuit City") motion to compel arbitration [Dkt. No. 3-1] and **DENIED** Defendant's motion to dismiss [Dkt. No. 3-2]. The Court, however, **STAYED** the proceeding pending arbitration.

**I.   FACTUAL SUMMARY**

Plaintiff Diaz applied for employment at Circuit City on or about March 12, 1997. That day Plaintiff signed a "Circuit City Employment Application" (the "Application"). The Application contained the following arbitration provision entitled "Circuit City Dispute Resolution Agreement" (the "Agreement"):

> Except as set forth below, I agree that I will settle any and all previously unasserted claims; disputes or controversies arising out of or relating to my application or candidacy for employment, employment and/or cessation of employment with Circuit City, exclusively by final and binding arbitration before a neutral Arbitrator. By way of Example only, such claims include claims under federal, state and local statutory or common law, such as the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, as amended, including the amendments of the Civil Rights Act of 1991, the Americans with Disabilities Act, the Family Medical Leave Act, the law of contract and the law of tort.

Def.'s Mot. to Compel Arbitration Ex. 1 at p.2. Both Plaintiff and a representative of

1

Circuit City signed the Agreement. *See id.* at p.3. Circuit City hired Plaintiff in March of 1997 and terminated Plaintiff's employment in July 2002.

On September 29, 2003, Plaintiff filed her Original Petition in the 404th District Court of Cameron County, Texas, against Circuit City alleging causes of action for age discrimination and retaliation under the Texas Commission on Human Rights Act. Defendant properly removed the case based on diversity jurisdiction because Plaintiff is a Texas citizen, Defendant is Virginia citizen (it both is incorporated and has its principal place of business in Virginia), and the amount in controversy exceeds $75,000. Defendant now seeks to steer Plaintiff's claims into binding arbitration pursuant to the terms of the Agreement. Plaintiff has chosen not to respond to Defendant's motion to compel arbitration and dismiss.

## II.   ANALYSIS

There is a strong federal policy favoring the arbitration process. *See Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25 (1991) (noting that the Federal Arbitration Act manifests a liberal federal policy favoring arbitration agreements); *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 225 (1987) (observing that there is a strong national policy encouraging the use of arbitration); *Life of America Ins. Co. v. Aetna Life Ins. Co.*, 744 F.2d 409, 412-13 (5th Cir. 1984); *see also Eljer Mfg., Inc. v. Kowin Dev. Corp.*, 14 F.3d 1250, 1254 (7th Cir. 1994) (defining arbitration as "a private system of justice offering benefits of reduced delay and expense").

The Federal Arbitration Act, 9 U.S.C. § 3, "mandates that when an issue is referable to arbitration pursuant to a written agreement, the district court must stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant is not in default in proceeding with such arbitration." *Williams v. Cigna Financial Advisors, Inc.*, 56 F.3d 656, 659 (5th Cir. 1995). Thus, in deciding whether to stay the matter, the Court need only decide if the dispute is covered by the terms of a valid arbitration agreement; if so, a stay must be granted. *See id.*

When confronted with the question of arbitrability, the Court must determine, as a threshold matter, whether the grievance before it is subject to arbitration. *See Folse v. Richard Wolf Med. Instruments Corp.*, 56 F.3d 603, 605 (5th Cir. 1995); *Oil, Chem. &*

*Atomic Workers Int'l Union, Local 4-227, AFL--CIO v. Phillips 66 Co.*, 976 F.2d 277, 278 (5th Cir. 1992). This determination involves two inquiries. First, the Court asks whether there is a valid agreement to arbitrate; if so, the Court then asks whether the issue in question is covered by the valid agreement. *See Webb v. Investacorp, Inc.*, 89 F.3d 252, 257-58 (5th Cir. 1996).

As to the first inquiry, the Court finds that the arbitration provision in the Agreement is valid, because it is a contractual provision supported by consideration and there are no equitable reasons to invalidate this private contractual agreement to arbitrate.

Having concluded that the arbitration provision is valid, the Court must now refer to arbitration those claims covered by the arbitration provision. *See Webb*, 89 F.3d at 257-58. The Agreement provides that "disputes or controversies arising out of or relating to my application or candidacy for employment, employment and/or cessation of employment with Circuit City," will be settled "exclusively by final and binding arbitration before a neutral Arbitrator." The terms of the Agreement clearly cover all employment claims brought under federal and state statutes. Such statutory employment discrimination claims between employers and employees are subject to arbitration and the Federal Arbitration Act. *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105 (2001) (holding that employer policies requiring binding arbitration of employment-related disputes, including employment discrimination suits, are enforceable under the Federal Arbitration Act). Consequently, Defendant's Motion to Stay Proceedings and Compel Arbitration is **GRANTED**.

Pursuant to Federal Arbitration Act, 9 U.S.C. § 3, these proceedings are **STAYED** pending completion of arbitration. The Court declines to reach the merits of Defendant's Rule 12(b) Motion to Dismiss because Defendant fails to explain which subset of Rule 12(b) the Court should consider, what standard applies, or what materials may be considered.

### III. Conclusion

For the reasons set forth above, Defendant's Motion to Compel Arbitration is **GRANTED**. Therefore it is **ORDERED** that Plaintiff must arbitrate all claims.

These proceedings are **STAYED** pending completion of arbitration

Furthermore, the parties are **ORDERED** to file no further pleadings on this issue. Once the arbitration process has been completed, the parties will be free to file a motion with the Court seeking enforcement of the arbitrator's decision. After the Court has ruled on any such motion, the parties will then be instructed to seek any further relief to which they feel themselves entitled in the United States Court of Appeals for the Fifth Circuit, as may be appropriate in due course. The parties are further **ORDERED** to bear their own taxable costs and expenses incurred herein to date.

DONE at Brownsville, Texas, this 19th day of February 2004.

_____
Hilda G. Tagle
United States District Judge